IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


FERYL BAXTER,

                Plaintiff,

vs.                                 Case No. 16-1005-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                Defendant.


MEMORANDUM AND ORDER

    This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties.

**I. General legal standards**

    The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

1

such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that

such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993).  At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

## II. History of case

On August 29, 2014, administrative law judge (ALJ) Susan W. Conyers issued her decision (R. at 12-19).  Plaintiff alleges that she has been disabled since June 26, 2010 (R. at 12). Plaintiff is insured for disability insurance benefits through December 31, 2015 (R. at 14).  At step one, the ALJ found that

plaintiff did not engage in substantial gainful activity since the alleged onset date (R. at 14).  At step two, the ALJ found that plaintiff had the severe impairment of migraine headaches (R. at 14).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 15).  After determining plaintiff's RFC (R. at 15), the ALJ found at step four that plaintiff is unable to perform any past relevant work (R. at 17).  At step five, the ALJ found that plaintiff could perform other jobs that exist in significant numbers in the national economy (R. at 18-19).  Therefore, the ALJ concluded that plaintiff was not disabled (R. at 19).

**III.  Are the ALJ's RFC findings supported by substantial evidence?**

The ALJ found that plaintiff suffered from a severe impairment of migraine headaches (R. at 14).  The ALJ found that plaintiff had an RFC to perform the full range of work at all exertional levels, but would have the following nonexertional limitations:  plaintiff should avoid dust, fumes, gases, pulmonary irritants, climbing ladders, ropes and scaffolds, unprotected heights, hazardous machinery, open water and open flame.  She can perform tasks in an environment involving no more than a moderate level of noise (R. at 15).

There are two medical opinions contained in the file regarding the impact of plaintiff's migraines on her ability to

5

work. On July 15, 2013, Dr. Geis reviewed the medical records then contained in the file and opined that plaintiff's headaches were non-severe. He indicated that she is not prescribed preventative medication for migraines. He stated that there is no medical evidence supporting the frequency she reports migraines (two times a month lasting 3-7 days). He concluded that the evidence does not support that these conditions severely interfere with her ability to function (R. at 72).

The ALJ found that plaintiff was later provided with preventative medication and plaintiff was later seen on a somewhat regular basis for her migraine headaches. Thereby, this opinion was given partial weight with some limitations (R. at 17).

Dr. Glen Patton is plaintiff's treating physician. On a form dated May 14, 2014, he stated that plaintiff has migraines on a weekly basis, and that they are generally controlled with medication. He opined that plaintiff could not work during a migraine headache, and would miss work for 1-4 days during a migraine headache (R. at 324). However, on May 22, 2014, only 8 days later, he opined that plaintiff is unable to work during a migraine, stating that they occur 1-2 times a month and they last for 1-3 days (R. at 321).[1] Dr. Patton failed to provide any reasons for his conclusion that plaintiff could not work, and

---

[1] Plaintiff testified that she suffered from migraines twice a month, and that they last from 3-5 days (R. at 35). She further testified that she would be "down and out" from 5-14 days a month due to migraines (R. at 45-46).

did not provide any specific functional limitations that plaintiff would have because of a migraine headache.  However, he did note that her symptoms would include nausea and vomiting, that she would be sensitive to light, and that she would suffer from fatigue and pain (R. at 320).

The ALJ noted that Dr. Patton's May 14, 2014 opinion (that plaintiff had weekly migraines that kept her working from 1-4 days during each migraine) was inconsistent with his opinion of May 22, 2014 (that she had migraines 1-2 times a month which kept her from working from 1-3 days during each migraine) and was inconsistent with plaintiff's testimony that she has migraines twice a month.  Therefore, this opinion was given little weight (R. at 17).

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner.  <u>Hackett v. Barnhart</u>, 395 F.3d 1168, 1173 (10th Cir. 2005); <u>White v. Barnhart</u>, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002).  Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence.  See <u>Glenn v. Shalala</u>, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion).  The court can only review the sufficiency of the evidence.  Although the evidence may

support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

The court finds no clear error in the decision of the ALJ to accord little weight to the opinions of Dr. Patton in light of clearly different opinions regarding the frequency and length of her migraine headaches, especially when such opinions were offered only 8 days apart. No explanation in the record appears to explain such different opinions being offered only 8 days apart.

The ALJ also stated that Dr. Patton's opinion that plaintiff could not work 1-2 times a month for 1-3 days (for each episode) when she had migraine headaches is an issue reserved to the Commissioner and is not entitled to controlling weight or special significance. According to C.F.R. § 404.1527(d)(1), a statement by a medical source that you are disabled or unable to work does not mean that the agency will determine that you are disabled. SSR 96-5p further states that treating source opinions on issues reserved to the Commissioner (including whether plaintiff is disabled) is not entitled to controlling weight or special significance, but it must not be ignored. 1996 WL 374183 at *2-3.

In the case of Franklin v. Astrue, 450 Fed. Appx. 782, 785 (10th Cir. Dec. 16, 2011), the court found that the ALJ decision to give little weight to a treating physician's opinion that plaintiff is disabled, without expressing any opinion about the claimant's physical or mental capabilities, was supported by substantial evidence.  A treating physician's opinion can be rejected if it is brief, conclusory, and unsupported by medical evidence.  Williamson v. Barnhart, 350 F.3d 1097, 1099 (10th Cir. 2003); Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir. 1988); Frey v. Bowen, 816 F.2d 508, 513 (10th Cir. 1987).

Dr. Patton's statement that plaintiff cannot work while suffering from migraine headaches is a conclusory statement on an issue reserved to the Commissioner.  Dr. Patton offered no opinions regarding plaintiff's physical or mental capabilities while she suffered from a migraine headache; he simply made the conclusory statement that she could not work.[2]  In light of the regulations and case law, the court finds no error in the ALJ's decision to given little weight to the conclusory opinion of Dr. Patton that plaintiff could not work for a certain number of days due to migraine headaches.

The ALJ made RFC findings that plaintiff was not as limited as opined by Dr. Patton, but found that she in fact had a severe

---

[2] This is not a situation in which Dr. Patton offered medical opinions regarding specific work-related functional limitations, which, if accepted, would impact the RFC determination.  See Krauser v. Astrue, 638 F.3d 1324, 1332 (10th Cir. 2011).

impairment of migraine headaches with some limitations.[3]  On the facts of this case, the court finds no clear error in the ALJ's evaluation of the medical opinion evidence; the court will not reweigh the evidence.  Furthermore, when the ALJ is faced with conflicting medical opinions, and adopts a middle ground, arriving at an assessment between the two medical opinions without fully embracing either one, such an approach has been upheld and found not to be error.  Smith v. Colvin, 821 F.3d 1264, 1268 (10th Cir. 2016).

   The ALJ did note that there was no evidence that plaintiff has a neurological condition that would result in migraine headaches, noting that neurological examinations were within normal limits (R. at 16).  As this court has previously found, migraine headaches cannot be diagnosed or confirmed through laboratory or diagnostic testing.  Jones v. Astrue, Case No. 09-1061-WEB (D. Kan. June 4, 2010; Doc. 17, Doc. 16 at 10).  However, despite that statement, the ALJ found that plaintiff in fact suffered from a severe impairment of migraine headaches, which impacted her ability to work.  Furthermore, the ALJ did not discount the opinions of Dr. Patton because of the absence of a neurological condition.  On the facts of this case, the court finds no clear error in this statement by the ALJ.

---

[3] As noted earlier in this opinion, Dr. Geis had opined that plaintiff's migraine headache impairment was non-severe.  The ALJ only gave the opinion partial weight.

10

The ALJ further noted the periods between treatment. Although plaintiff claimed disability as of June 26, 2010, the ALJ indicated that plaintiff was not receiving medical care for that condition on or around that date (R. at 16). In fact, even plaintiff did not cite to any medical treatment in 2010 for migraine headaches, and her medical records show no treatment for headaches in 2010 (R. at 252-277). The first medical record of treatment for headaches (after the alleged onset date) was on April 21, 2011 (R. at 262), 10 months after the alleged onset date.

The ALJ further argued that plaintiff's contention that her migraine headaches are debilitating is incongruent with her reported activities of daily living (R. at 17). According to the regulations, activities such as taking care of yourself, household tasks, hobbies, therapy, school attendance, club activities or social programs are generally not considered to constitute substantial gainful activity. 20 C.F.R. § 404.1572(c) (2016 at 402). Although the nature of daily activities is one of many factors to be considered by the ALJ when determining the credibility of testimony regarding pain or limitations, Thompson v. Sullivan, 987 F.2d 1482, 1489 (10th Cir. 1993), the ALJ must keep in mind that the sporadic performance of household tasks or work does not establish that a person is capable of engaging in substantial gainful activity.

Krauser v. Astrue, 638 F.3d 1324, 1332-1333 (10th Cir. 2011); Thompson, 987 F.2d at 1490.

    This rationale by the ALJ creates some concern given the fact that plaintiff testified that she could not perform most of her daily activities while she was suffering from migraines, spending most of her time in a dark room (R. at 35-36).  On the other hand, the ALJ has raised a legitimate question, based on the evidence, regarding the frequency and severity of plaintiff's migraine headaches.  As noted above, plaintiff did not seek any medical treatment for migraines from June 26, 2010, her alleged onset date, until April 21, 2011.  Also, as noted above, the ALJ gave legitimate reasons for discounting the opinions of Dr. Patton.  The ALJ, in discounting the opinions of Dr. Patton, noted that he indicated that plaintiff's migraines are generally controlled with medication (R. at 17, 324).

    Finally, the ALJ discounted the opinions of plaintiff's husband, stating that the medical evidence did not support his statements (R. at 17).  The court will not reweigh the evidence; the court finds no clear error by the ALJ for giving little weight to his statement.

    On the facts of this case, the court finds no clear error by the ALJ in her credibility analysis of plaintiff or her husband, and finds no clear error in the ALJ's analysis of the medical evidence.  See Barnum v. Barnhart, 385 F.3d 1268, 1274

(10th Cir. 2004)(while the court had some concerns about the ALJ's reliance on plaintiff's alleged failure to follow a weight loss program and her performance of certain household chores, the court concluded that the balance of the ALJ's credibility analysis was supported by substantial evidence in the record). Therefore, on the facts of this case, the court finds that substantial evidence supports the ALJ's RFC findings.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 29th day of December 2016, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge